OPINION JUDGMENT ENTRY
{¶ 1} Defendant appellant Kevin J. Ackerman appeals his conviction and sentence entered December 4, 2003, in the Alliance Municipal Court, on three counts of child endangering, in violation of R.C. 2919.22(A).
 {¶ 2} Plaintiff-Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On July 16, 2003, Melissa Ackerman, wife of Appellant Kevin J. Ackerman, requested a temporary restraining order. At such time, she made a voluntary written statement containing the following information:
 {¶ 4} On or about July 15, 2003, Appellant Kevin J. Ackerman came home drunk and began arguing with his wife. He threatened to kill himself if the marriage ended. He threatened her. He ripped the telephone from the wall and took her cell phone away from her to prevent her from calling anyone for help. He grabbed her by throat and physically assaulted her. He attempted to force her out of the house, without the children.
 {¶ 5} At some point, Melissa Ackerman decided to take her children and leave the house. When she took her three year old out bed and tried to put him the car, Appellant pointed a gun to her head and told her to put the child back in bed. Their seven year old then came out and starting hitting Appellant which allowed Ms. Ackerman to get their other two children loaded into the van. She then rushed the seven year old in the van, started the van and put it in reverse while Appellant was trying to unlatch the hood. Appellant followed Melissa, "tailgated" the van, then passed her, pulled in front of her and cut her off, causing her to slam on the brakes. Appellant then put his vehicle in reverse and began backing towards her vehicle. Her car stalled. Appellant exited his vehicle, approached the van and asked Melissa if they could talk. She replied that she was done talking, restarted the car and drove to her parents' house.
 {¶ 6} On August 29, 2003 Appellant was indicted by the Stark County Grand Jury on one count of domestic violence and three counts of child endangering, all misdemeanors.
 {¶ 7} On December 4, 2003, the matter proceeded to jury trial.
 {¶ 8} Melissa Ackerman's testimony at trial differed somewhat from her prior sworn statement in that she denied that Appellant held a gun to her head or that he attempted to choke her. (T. at 29, 34, 44-45). When presented with her earlier statement and being asked to read same in its entirety, she admitted to having made same but explained that she "exaggerated it". (T. at 34). She did admit that they argued, that she left with the children and that he followed her. However, she testified that he never tailgated her, that passed her in the clear, neither of them was driving at a high rate of speed and that she never had to slam on her brakes. (T. at 48-49).
 {¶ 9} Deputy Pascal Rainsberger also testified at the trial. He testified that he responded the domestic violence call which was placed from Melissa Ackerman's father's house. He testified to the events as told to him by Melissa Ackerman at that time which corroborated the written statement made by her subsequent to their conversation. He further testified that based on his experience, he believed that "what Mrs. Ackerman told [him] was pretty accurate of what happened." (T. at 81).
 {¶ 10} At the conclusion of the trial, the jury returned guilty verdicts on each of the counts of child endangering and a not guilty verdict on the count of domestic violence.
 {¶ 11} By Entry dated December 4, 2003, the trial court sentenced Appellant to thirty days in the Stark County Jail, with all but ten days suspended, on each charge, with said sentences to run concurrently. Appellant was also fined $250.00. The trial court also ordered Appellant's guns seized from his possession and destroyed according to law.
 {¶ 12} Appellant timely appealed and herein raises the following assignments of error for our consideration:
 ASSIGNMENTS OF ERROR {¶ 13} "I. The conviction for child endangering must be reversed as there was legally insufficient evidence to demonstrate appellant's conduct caused a substantial risk of harm.
 {¶ 14} "II. Appellant's conviction for child endangering was contrary to the manifest weight of the evidence.
 {¶ 15} "III. The trial court erred in ordering the destruction of appellant's guns where they were no even alleged to have been used in the commission of the offense for which appelant was convicted."
 I., II. {¶ 16} In his first and second assignments of error, Appellant asserts that his conviction was based on insufficient evidence and was against the manifest weight of the evidence. We disagree.
 {¶ 17} In State v. Jenks (1981), 61 Ohio St.3d 259, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held: An appellate courts function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id. at paragraph two of the syllabus.
 {¶ 18} Appellant was charged with child endangering, a violation of R.C. 2919.22(A), which states:
 {¶ 19} "(A) No person, who is the parent . . . of a child under eighteen years of age or a mentally or physically handicapped child under twenty-one years of age, shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support . . ."
 {¶ 20} When applying the aforementioned standard of review to the case sub judice, based upon the facts noted supra, we do not find, as a matter of law, appellant's conviction was based upon insufficient evidence.
 {¶ 21} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed.
 {¶ 22} The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment. State v. Thompkins,78 Ohio St.3d 380, 387, 1997-Ohio-52, citing State v. Martin
(1983), 20 Ohio App.3d 172. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v.DeHass (1967), 10 Ohio St.2d 230, syllabus 1.
 {¶ 23} In the case sub judice, the jury was free to accept or reject any or all of the witnesses' testimony and assess the witnesses' credibility. Based upon the facts noted supra, we find there was sufficient, competent evidence to support appellant's conviction, and the same was not against the manifest weight or sufficiency of the evidence.
 {¶ 24} Appellant's first and second assignments of error are overruled.
 III. {¶ 25} In his third assignment of error, Appellant asserts that the trial court erred in ordering the destruction of his firearms. We disagree.
 {¶ 26} Ohio's forfeiture statute, R.C. 2933.41(C)(1) permits a trial court, as part of a judgment of conviction, to order the forfeiture of property used in the commission of an offense. SeeState v. Hanauer, Montgomery County Case No. 14492, May 3, 1995. Said statute provides, in relevant part:
 {¶ 27} "(C) A person loses any right that the person may have to the possession, or the possession and ownership, of property if any of the following applies:
 {¶ 28} "(1) The property was the subject, or was used in a conspiracy or attempt to commit, or in the commission, of an offense other than a traffic offense, and the person is a conspirator, accomplice, or offender with respect to the offense.
 {¶ 29} "(2) A court determines that the property should be forfeited because, in light of the nature of the property or the circumstances of the person, it is unlawful for the person to acquire or possess the property."
 {¶ 30} Appellant argues that his guns were seized as they related to the charge of domestic violence and that since he was acquitted as to such charge, his guns should not have been forfeited.
 {¶ 31} Upon review, we find that the trial court could have found that forfeiture of the guns was still warranted, despite the acquittal on the domestic violence charge, because Appellant held the gun to Melissa Ackerman's head while she was holding one of her children or that the use of the gun contributed to or caused the sequence of events which resulted in her flight from the house and the ensuing chase by Appellant.
 {¶ 32} Therefore, we find the trial court may properly order the forfeiture of the property, in this case the guns, used in the commission of the offenses of child endangering.
 {¶ 33} Appellant's third assignment of error is overruled.
 {¶ 34} For the foregoing reasons, the judgment of the Alliance City Municipal Court is hereby affirmed.
Boggins, J., Gwin, P.J., and Hoffman, J. concur.